UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FRONT ROW TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | )<br>) Civil Action No. 6:23-cv-00035-AM<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

## CISCO'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"), by and through its undersigned counsel, for its Answer to the Complaint filed by Plaintiff Front Row Technologies, LLC ("Plaintiff" or "Front Row"), states as follows:

### I. THE PARTIES

1. Cisco lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. Cisco admits that it is a corporation registered in Delaware and that it has a place of business located at 12515-3 Research Park Loop, Austin, Texas 78759. Cisco also admits that it may be served via its registered agent, Corporation Service Company, DBA CSC, located at 211 E. 7th Street, Suite 620, Austin, TX 78701. Cisco admits that it sells products in the State of Texas. Cisco denies that it infringes the Patents-in-Suit in this District or elsewhere. To the extent not specifically admitted, Cisco denies the remaining allegations in paragraph 2 of the Complaint.

### II. JURISDICTION AND VENUE

3. Cisco admits that the Complaint purports to state a claim arising under the patent

laws of the United States, in particular 35 U.S.C. § 271. Cisco also admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). To the extent not specifically admitted, Cisco denies the remaining allegations in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco admits that the Court has personal jurisdiction over Cisco with respect to this Complaint. To the extent not specifically admitted, Cisco denies the remaining allegations in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Cisco responds that it will not contest that venue is proper in this District for the purposes of this action. Cisco denies that this District is a convenient venue in which to litigate this action and reserves all rights to pursue a motion in that regard. Cisco denies that it infringes the Patents-in-Suit in this District or elsewhere. To the extent not specifically admitted, Cisco denies the remaining allegations in paragraph 5 of the Complaint.

III. INFRINGEMENT - Infringement of the '784 Patent

6. Cisco admits that a copy of a patent bearing U.S. Patent No. 8,750,784 ("the '784 patent") is attached as Exhibit A. Cisco also admits that the face of the document attached as Exhibit A indicates that the '784 patent is entitled "Method, system and server for authorizing computing devices for receipt of venue-based data based on the geographic location of a user," and that it also indicates that it was issued on June 10, 2014. Cisco lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies the same.

7. Denied.

8. Denied.

9. Cisco admits that the Complaint was accompanied by a document labeled Exhibit B. Cisco denies the remaining allegations contained in paragraph 9, and explicitly denies any allegation of infringement.

10. Denied.

11. Denied.

12. Denied.

### IV.   JURY DEMAND

Cisco also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### V.   PRAYER FOR RELIEF

Cisco denies that Front Row is entitled to any of the relief it requested.

### DEFENSES

Subject to its responses above, and upon information and belief, Cisco alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Cisco specifically reserves all rights to allege additional defenses pursuant to any scheduling order, that become known through the course of discovery, or otherwise.

### FIRST DEFENSE – NON-INFRINGEMENT

1. Cisco has not (i) directly infringed, either literally or under the Doctrine of Equivalents, (ii) contributed to infringement by others, either literally or under the Doctrine of Equivalents, and/or (iii) induced others to infringe, either literally or under the Doctrine of Equivalents, any valid or enforceable claim of U.S. Patent No. 8,750,784 ("the '784 patent").

### SECOND DEFENSE – INVALIDITY

2. The claims of the '784 patent are each invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to sections 101, 102, 103, 112, and/or 116, or judicially created doctrines of invalidity, including but not limited to obviousness-type double patenting or the Rules and Regulations of the United States Patent and Trademark Office relating thereto.

### THIRD DEFENSE –EQUITABLE DOCTRINES

3. Front Row's claims are barred, in whole or in part, by the doctrines of inequitable conduct, waiver, acquiescence, estoppel, implied license, patent misuse, and/or unclean hands.

### FOURTH DEFENSE – LIMITATION ON DAMAGES

4. Front Row's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288.  Front Row has not pleaded or proven any pre-suit notice, pre-suit patent marking by Cisco or any of its licensees, or any other basis for pre-suit damages.

### FIFTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

5. Front Row is estopped based on amendments, statements, representations, and admissions made during prosecution of the applications that led to the '784 patent from asserting any interpretation of the claims of the '784 patent that would be broad enough to cover any of Cisco's products or methods alleged to infringe the '784 patent.

### SIXTH DEFENSE – LIMITATIONS ON DAMAGES FOR GOVERNMENT SALES

6. Front Row's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use

or manufacture of the alleged inventions of the '784 patent by or for the United States.

### SEVENTH DEFENSE – LICENSE

7.      Front Row's claims are exhausted to the extent that Cisco, or any of its vendors for the accused products have received a license to the '784 patent.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Cisco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

### CISCO'S PRAYER FOR RELIEF

WHEREFORE, Cisco prays for the following relief:

A.      Dismissal with prejudice of Front Row's Complaint in its entirety;

B.      Denial of all remedies sought by Front Row in this Complaint;

C.      Declaration that Cisco does not infringe, and has not infringed, any claim of the '784 patent, either directly or indirectly, literally or under the Doctrine of Equivalents, willfully, or otherwise;

D.      Declaration that all claims of the '784 patent are invalid for failing to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and/or 116;

E.      Declaration that the '784 patent is unenforceable against Cisco in whole or in part under the doctrine of inequitable conduct, waiver, acquiescence, equitable estoppel, exhaustion, implied license, unclean hands, patent misuse, prosecution history estoppel, license, and/or Front Row's failure to comply with 35 U.S.C. § 287;

      F.      Declaration that this case is exceptional and that Cisco is entitled to an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

      G.      Any such other and further relief as the Court may deem just and fair.

## **JURY DEMAND**

Cisco demands a jury trial of all issues so triable.

Dated: February 7, 2023                                      Respectfully submitted,

By:   /s/ Barry Shelton
      Barry K. Shelton
      TX State Bar No. 24055029
      BShelton@winston.com
      WINSTON & STRAWN LLP
      2121 N. Pearl Street, Suite 900
      Dallas, TX 75201
      Telephone: (214) 453-6500
      Facsimile: (214) 453-6400

      K. Padmanabhan (*pro hac vice pending*)
      kpadmanabhan@winston.com
      Chris Gresalfi (*pro hac vice pending*)
      cgresfali@winston.com
      WINSTON & STRAWN LLP
      200 Park Ave.
      New York City, NY 10166
      Telephone: (212) 294-6700
      Facsimile: (212) 294-4700

      Ryan Bradley (*pro hac vice pending*)
      rdbradley@winston.com
      WINSTON & STRAWN LLP
      35 W. Wacker Drive
      Chicago, IL 60601
      Telephone: (312) 558-5600
      Facsimile: (312) 558-5700

      **ATTORNEYS FOR CISCO SYSTEMS INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 7, 2023, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will provide notice of the same to all counsel of record.

                                                                                               _/s/ Christopher Gresalfi_